UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LANIE DRINION THOMISEE**                          **CASE NO.  6:24-CV-0258 SEC P**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**SHERIFFS OFFICE CALCASIEU**                       **MAGISTRATE JUDGE LEBLANC**
**PARISH, ET AL**

## MEMORANDUM ORDER

Before the court are the original and amended civil rights complaints (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff Lanie Drinion Thomisee ("Thomisee").  Docs. 1, 4. Thomisee names as defendants the following: Sheriffs Office Calcasieu Parish, Calcasieu Parish Detention Center, Calcasieu Parish Correctional Center, East Baton Rouge Parish Prison, Sheriffs Office East Baton Rouge Parish, River Bend Detention Center, Sheriff Office East Carroll, Sheriff Tony Mancuso, Warden Johnny Hedgemon, Warden Strength, Jane Does, and John Does, Nurses at River Bend Detention Center.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

I.    **STATEMENT OF THE CASE**

Plaintiff was transferred to the River Bend Detention Center (RBDC) on November 11, 2023, at which time she made it clear to the nurses that she was allergic to tobacco smoke.  Doc. 5, p. 3.  She was allegedly told she was "going to just deal with the smoke because Riverbend smokes and sells tobacco smoke."  *Id*.  Plaintiff complains of itchy eyes and throat, severe migraines, and lost weight due to exposure to the smoke.  *Id*.  Plaintiff further complains that

RBDC does not provide adequate smoke breaks. *Id*. Therefore, plaintiff continues to suffer health issues due to the second-hand smoke. *Id*.

## II.     LAW AND ANALYSIS

### 1. *Frivolity Review*

Thomisee has been granted leave to proceed in forma pauperis in this matter. Rec. Doc. 10. Accordingly, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### 2. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege **specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant.** This conclusion must be supported by specific factual allegations stating the following:

> (1)  the name(s) of each person who allegedly violated plaintiff's constitutional rights;

(2) a description of what actually occurred or what <u>each</u> defendant did to violate plaintiff's rights;

(3) the place and date(s) that <u>each</u> event occurred; and

(4) a description of the alleged <u>injury</u> sustained as a result of the alleged violation.

Plaintiff should amend her complaint to provide the information required by Rule 8.

3. **Defendants**

   a. ***Calcasieu Parish Detention Center, Calcasieu Parish Correctional Center, East Baton Rouge Parish Prison, River Bend Detention Center***

Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the Calcasieu Parish Detention Center, Calcasieu Parish Correctional Center, East Baton Rouge Parish Prison, and River Bend Detention Center have the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, correctional centers are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). In other words, the State of Louisiana has not granted juridical status to Calcasieu Parish Detention Center, Calcasieu Parish Correctional Center, East Baton Rouge Parish Prison, or River Bend Detention Center.

Further, in Louisiana, a jail is not an entity "legally empowered to do" anything independent of either parish officials or the parish sheriff. *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341, 347 (La. 1994). Because a jail is not a juridical entity under state law, "a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . ." and jails "are not persons for purposes of suit under Section 1983 as the statute

3

and case law define that term." *Douglas*, 567 F. Supp. 2d at 892; see Fed. R. Civ. P. 17(b). As long recognized by this Court, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Par. Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. May 8, 1998) (dismissing the jail as an improper defendant); *see also Kerr v. Orleans Par. Sheriff's Off. Prison*, No. 15-0746, 2015 U.S. Dist. LEXIS 104530, 2015 WL 4755174, at *1 (E.D. La. Aug. 10, 2015).

### b. *Calcasieu Parish, East Baton Rouge Parish, East Carroll Parish Sheriffs Offices*

The above-named Sheriff's Offices are not proper parties or legal entities capable of suing or being sued under § 1983. Under Fed. R. Civ. P. 17(b), Louisiana law governs whether a sheriff's office has the capacity to sue or be sued. To possess such a capacity under Louisiana law, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24. The State of Louisiana grants no such legal status to any parish sheriff's office. *Liberty Mut. Ins. Co. v. Grant Par. Sheriff's Dep't*, 350 So.2d 236 (La. App. 3d Cir. 1977). The parish sheriff's offices in Louisiana are not legal entities capable of suing or being sued. *Porche v. St. Tammany Par. Sheriff's Off.*, 67 F. Supp. 2d 631, 635 (E.D. La. Oct. 5, 1999) (citing *Liberty Mut. Ins. Co.*, 350 So.2d at 238; *Ruggiero v. Litchfield*, 700 F. Supp. 863, 965 (M.D. La. Sept. 13, 1988). Accordingly, the Sheriff's Office is not a juridical entity or a person capable of being sued.

### c. *Sheriff Tony Mancuso, Warden Johnny Hedgemon, Warden Strength*

Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 113 S.Ct. 2443 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146,

4

1150 (5th Cir.1994), *cert. denied*, 115 S.Ct. 1957 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 104 S.Ct. 248 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, she must AMEND to allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by that defendant.

### d. *Jane Does and John Does, Nurses*

To the extent plaintiff contends the nursing staff at River Bend Detention Center failed to provide medical care, she should note that in the context of medical care, a prison official violates the Eighth Amendment when he acts with deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976).

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840 (1994). It is not enough to show mere negligence or disagreement with one's treatment. *Miles v. Rich*, 576 Fed.Appx. 394, 396 (5th Cir. 2014) (citing *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). The prisoner must show that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Tx. Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

To the extent she alleges a denial of medical care, plaintiff must provide facts to establish that each named defendant displayed a subjective intent to cause harm. She should provide details regarding her requests for treatment, what medical attention she has, or has not, received, from

5

whom, and the status of her health. She should allege facts to support a claim against <u>each named defendant</u> for denial of medical care.

### III. CONCLUSION

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of her complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend her complaint within forty (40) days of the filing of this order to cure the deficiencies as outlined above, and alternatively, dismiss those claims and/or defendants that plaintiff is unable to cure through amendment. Specifically, but not exclusively, plaintiff shall name individual defendants and precisely state what each named defendant did to violate plaintiff's constitutional rights. <u>The amended complaint should be either typewritten or in legible, neat handwriting.</u>

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

THUS DONE AND SIGNED in chambers this 20th day of December, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE